HEINZ BINDER, #87907
ROBERT G. HARRIS, #124678
JULIE ROME-BANKS, #142364
ROYA SHAKOORI, #236383
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone2: (408) 295-1700
Facsimile:  (408) 295-1531

Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| In re | Case No. 08-54475 RLE |
|---|---|
| ALPHA FACTORS, INC., dba Century 21 Alpha, | Chapter 11 |
| Debtor. | NO HEARING REQUIRED |

### EX PARTE APPLICATION FOR APPOINTMENT OF SPECIAL COUNSEL FOR DEBTOR

TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:

Debtor and debtor in possession Alpha Factors, Inc. dba Century 21 Alpha (the "Debtor") hereby applies for an order approving the employment of Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc. as its special counsel ("Special Counsel"). Special counsel will not be paid by the Debtor or estate but, rather, by business insurance coverage, so the requested order for employment will pertain only to authorization to act for the Debtor and will exclude entitlement to payment from the estate.

The Debtor respectfully represents as follows in support of this ex parte application:

EX PARTE APPLICATION FOR APPOINTMENT OF SPECIAL COUNSEL FOR DEBTOR          PAGE 1

1. On August 15, 2008, the Debtor filed a Voluntary Petition under Chapter 11 with the Clerk of the above-entitled Court.

2. No Receiver or Trustee has been appointed, and the Debtor remains a Debtor in Possession pursuant to 11 U.S.C. under Chapter 11 of title 11, United States Code sections 1107 and 1108.

3. The Debtor is a party defendant in the case entitled <u>VERA DALTON, an individual and WILLIAM CORBIN, an individual, Plaintiffs, vs. CENTURY 21 ALPHA, business form unknown, JOANIE FRANCIS, an individual, RICH ROBINSON, an individual, DIANE RENEE LAMBERT and DOES 1 through 50, inclusive, and related cross-actions</u>, Santa Clara County Superior Court number 1 03 CV011268 (the "Superior Court Action").

4. Special Counsel was retained by the California Insurance Guarantee Association ("CIGA") to represent Century 21 Alpha Factors and its agents, Rich Robinson and Joanie Francis, the additional defendants in the Superior Court Action. Special Counsel took over the file from another law firm when Reliance Insurance Company, the issuer of Debtor's coverage, went into liquidation. CIGA is not an insurance company but is a state funded agency that assumes the obligations of certain insurers should they fail. CIGA is funded by a surcharge charged by insurers and is regulated by Insurance Code section 1063 et. seq. The statute limits liability for claims made to $500,000 regardless of the face limits of the insurance policies. Defense costs, including attorneys' fees, do not reduce the $500,000 of coverage provided by CIGA to the Debtor or other defendants.

5. This Superior Court Action was filed by plaintiffs Vera Corbin and William Dalton, purchasers of a home in Morgan Hill. Plaintiffs brought suit against the sellers and the Debtor and other defendants for alleged non-disclosure of the fact that the home sold was served by a failing septic system. The Transfer Disclosure Statement provided at the time of sale indicated that the property was connected to a city sewer.

EX PARTE APPLICATION FOR APPOINTMENT OF SPECIAL COUNSEL FOR DEBTOR            PAGE 2

Case: 08-54475    Doc# 53    Filed: 10/21/08    Entered: 10/21/08 14:07:46    Page 2 of 5

The defendants explained that the sellers filled out the TDS and told them that the property was connected to the city sewer. The sellers (Lambert) claimed that they did not know if it was on septic or sewer and that the real estate agents (our clients) told them to check the box for sewer. The case went to trial, and the jury came back with a verdict for plaintiffs for $85,000.

6. The plaintiffs sought to recover their attorneys' fees against the sellers and agents. The sellers sought to recover their attorneys' fees from the agents and pass through all liability for the verdict and plaintiffs' attorneys' fees to the agents as well. The court awarded plaintiffs $50,000 for costs and attorneys' fees, recoverable against both sellers and the agents. The sellers' request to pass through their own liability for the plaintiffs verdict, and their own fees was denied. CIGA paid the $85,000 verdict, and plaintiffs and sellers requested the trial court to clarify and/or reconsider) its ruling. The court reconsidered its October 2005 ruling in December 2005 and revised it slightly, to allow the sellers to obtain indemnity from the agents for the verdict (which was paid) but not their own fees. The amount of the recoverable costs and fees for plaintiffs ($50,000) was unchanged.

7. Plaintiffs and the sellers both appealed the post trial rulings, seeking more costs and fees. Special Counsel appealed the order to the extent it had included a finding that the Debtor and other defendants were obligated to pay plaintiffs' attorneys fees, since only buyer and seller were parties to the contract which contained the attorneys fees clause and there was no other valid legal basis to award the fees against the Debtor and other defendants. Special Counsel contested plaintiffs' and sellers' appeals on their merits, but also pointed out that the trial court had been divested of its jurisdiction before it rendered its December 2005 ruling because the plaintiffs and sellers filed their appeal of the October ruling two days before the trial court ruled in December. The appellate court reversed on that basis and remanded the matter to the trial court.

8.   The trial court re-entered its October 2005 ruling in April of 2008 then plaintiffs and sellers moved for a new trial, again seeking more fees and costs. This time the trial court reversed its prior two rulings, awarded plaintiffs all of their requested fees ($265,000) and also found the Debtor and other defendants liable for Lamberts fees and costs. There has been no hearing on Lamberts costs yet, but they seek $135,000.  The Debtor and other defendants wish to appeal, once again, and to challenge any costs requested.

9.   In selecting Special Counsel, Debtor made careful and diligent inquiry into the qualifications and connections of Special Counsel.  The attorneys of Special Counsel who would perform legal services on Debtor's behalf are admitted to practice before this Court.  Debtor has found them to be qualified to represent Debtor in this case and related matters by reason of their ability, integrity and professional experience.

10.   The Debtor has retained Special Counsel subject to the approval of this Court.  The partners and associates at Special Counsel charge a combined, blended rate of $150 per hour for services rendered.

11.   To the best of my knowledge, Special Counsel does not hold or represent any interest adverse to the Debtor or its estate.

12.   To the best of my knowledge, none of the attorneys of Special Counsel has any connections with the Debtor, Debtor's creditors, their respective attorneys and accountants, or any other party in interest herein.

13.   Special Counsel's Statement of Arrangements filed concurrently is incorporated herein by reference.

WHEREFORE, the Debtor respectfully requests entry of an Order approving the appointment of Special Counsel to represent Debtor in the performance of all legal services which have been heretofore rendered and which may be necessary to render during the pendency of these proceedings.

1  I, Edward V. Zimbrick as president of the Debtor herein, declare that the
2  foregoing is within my personal knowledge and that, if called upon as a witness, I could
3  and would competently testify thereto.
4  I declare under penalty of perjury that the foregoing is true and correct
5  and that this declaration was executed on October 16, 2008 at San Jose, California.

```
                                    /s/  Edward Zimbrick
                                    Edward Zimbrick
```

JHR:F:\Clients\Alpha Factors\Pleading\Employ Appellate Counsel\EmployApp.wpd